UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC R. HENRY,

    Petitioner,                                                  Case Number 10-10920
                                                           Honorable Lawrence P. Zatkoff

v.

KENNETH ROMANOWSKI,

    Respondent.
_____/

**OPINION & ORDER DISMISSING HABEAS CORPUS PETITION AS MOOT**

**I. INTRODUCTION**

    This matter is before the Court on Petitioner's pro se request for habeas relief pursuant to 28 U.S.C. § 2254. Petitioner was convicted in the Macomb Circuit Court of delivery of less than 50 grams of cocaine. Mich. Comp. Laws. § 333.7401(2)(A)(4). He was sentenced on June 26, 1992, to 12-to-20 years imprisonment. Petitioner does not attack the validity of his conviction, rather, he alleges that the Michigan Parole Board wrongfully revoked a term of parole in 2007. Petitioner has since been discharged from prison. Accordingly, for the reasons set forth below, the Court will deny the petition as moot.

**II. DISCUSSION**

    When a petitioner challenges a parole revocation, but has completed the sentence imposed upon revocation, his challenge to that revocation is moot unless he can demonstrate the existence of actual collateral consequences resulting from the revocation. *Spencer v. Kemna*, 523 U. S. 1, 7–14(1998). In this case, Petitioner was discharged from his maximum sentence on February 28, 2011, and is therefore no longer within custody of the Michigan Department of Corrections. When

a petitioner does not attack the legality of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined. *Lane v. Williams*, 455 U.S. 624, 631 (1982). In this case, Petitioner does not attack the validity of his conviction, but rather challenges the issue of whether the Parole Board wrongfully revoked a period of parole.

Article III, section 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). An incarcerated habeas petitioner's challenge to the validity of his or her conviction satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury which can be redressed by the invalidation of the conviction. *See Spencer*, 523 U.S. at 7. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained in federal court and not considered moot. *Id*.

When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the United States Constitution. *See Ayers v. Doth*, 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requisite relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Because it strikes at the heart of federal court jurisdiction, the mootness of a habeas petition can be raised sua sponte by the federal court,

even if the issue is not addressed by the parties. *See Medberry v. Crosby*, 351 F.3d 1049, 1054, n.3 (11th Cir. 2003).

In this case, Petitioner has completed his sentence and has been discharged from custody. Petitioner has not shown that he suffers continuing collateral consequences flowing from the denial of his parole. Absent such a showing, a petitioner's claims regarding the denial of parole and/or the revocation of his parole are rendered moot by the completion of the imprisonment term and his discharge from custody. *See Spencer*, 523 U.S. at 7-14; *see also Prowell v. Hemingway*, 37 Fed. Appx. 768, 769-70 (6th Cir. 2002) (federal prisoner's § 2241 petition for writ of habeas corpus which challenged his parole revocation was rendered moot by petitioner's release upon completion of his sentence, absent a showing of actual collateral consequences). Petitioner's sentence has been completed and he has been discharged from custody, and any injury Petitioner suffered cannot be redressed by a favorable judicial decision from this Court. As such, the petition is subject to dismissal.[1]

### III. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing

---

[1] To the extent that Petitioner seeks monetary damages for Respondent's decision to revoke his parole, his claim for relief is not properly before this Court in this action. Because of the vastly different procedural requirements for habeas petitions and other civil actions brought by prisoners, a court confronted with a habeas petition that also seeks damages should dismiss that portion of the action without prejudice to allow the petitioner to raise his potential civil rights claims properly as a § 1983 action. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

2:10-cv-10920-LPZ-VMM Doc # 16 Filed 07/25/12 Pg 4 of 5 Pg ID 342

threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll.§ 2254.

Petitioner has not demonstrated a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV. CONCLUSION

Accordingly, it is ORDERED that the petition for writ of habeas corpus is DENIED.

To the extent Petitioner seeks monetary damages for wrongful imprisonment, the petition is DENIED WITHOUT PREJUDICE.

It is further ORDERED that a certificate of appealability is DENIED.

It is further ORDERED that permission to proceed in forma pauperis on appeal is DENIED.

          S/Lawrence P. Zatkoff
          LAWRENCE P. ZATKOFF
          UNITED STATES DISTRICT JUDGE

Dated: July 25, 2012

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 25, 2012.

          S/Marie E. Verlinde
          Case Manager
          (810) 984-3290